UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVY GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02812-SEB-DLP |
| ) | |
| JOSHUA CARRINGTON, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Davy Gibson, a prisoner proceeding *pro se*, originally filed his complaint in this action in Delaware Circuit Court. Defendants Joshua Carrington and the City of Muncie removed the case to this court because Mr. Gibson's complaint asserts federal claims pursuant to 42 U.S.C. § 1983. One week after the case was removed, Defendants filed a Partial Motion to Dismiss for Failure to State a Claim [Dkt. 5], pursuant to Federal Rule of Civil Procedure 12(b)(6). Although this case was originally filed in state court and removed to this court, 28 U.S.C. § 1915A mandates that the Court still review Mr. Gibson's complaint before allowing him to proceed. Accordingly, we first screen Mr. Gibson's complaint before turning to address the remaining issues raised in Defendants' Motion to Dismiss.

**Complaint Screening**

Under 28 U.S.C. § 1915A, "the [federal district] court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or

1

employee of a governmental entity" and shall dismiss the complaint or any portion of it if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." § 1915A(a), (b).

In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). *Pro se* complaints such as the one filed here by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

In his complaint, Mr. Gibson alleges that, on or about May 7, 2020, he was riding his bike when Muncie Police Officer Joshua Carrington approached and tried to stop him. Mr. Gibson alleges that he initially ran from Officer Carrington until he realized Officer Carrington was a police officer. Mr. Gibson claims that he was about to surrender when

Officer Carrington shot him, without cause and without a warrant. Mr. Gibson further alleges that, after he was handcuffed on the ground, the Muncie Police released a police dog that bit both his legs. Based on these actions, Mr. Gibson has alleged the following claims: "Count 1: Excessive Force[;] Count 2: Fourth Amendment[;] Count 3: Failure to Screen Claims Against Officers § 1983 Liability Against City Of Muncie[; and] Count 4: Failure to Train, Supervise, Or Discipline § 1983 Liability Against City Of Muncie." Dkt. 1-4.

It is well established that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). Rather, under *Monell*, a constitutional deprivation may be attributable to a municipality only "when execution of a government's policy or custom … inflicts the injury." *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008) (quotation marks and citation omitted). A plaintiff can show that a constitutional violation resulted from the execution of a municipal policy or custom in the following three ways: "(1) an express policy causing the loss when enforced; (2) a widespread practice constituting a 'custom or usage' causing the loss; or (3) a person with final policymaking authority causing the loss." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (quoting *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004)). Here, Mr. Gibson does not allege that any custom or policy of the City of Muncie caused his injuries, nor does he allege any facts to plausibly raise such an inference. Although a plaintiff is not required to provide "detailed factual allegations" supporting each element of his claim, he must do more than make "[t]hreadbare recitals

3

of a cause of action's elements, supported by mere conclusory statements" to satisfy the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Accordingly, Plaintiff's claims against the City of Muncie (Counts 3 and 4) must be dismissed.

The Court has not identified any other portions of the complaint that must be dismissed pursuant to § 1915A and therefore the suit shall procced against Officer Carrington. Because this finding is without prejudice to the filing of a proper Rule 12 motion, we turn now to address Defendants' partial motion to dismiss.

### **Partial Motion to Dismiss for Failure to State a Claim**

Defendants seek dismissal of Counts 1, 3, and 4 of Mr. Gibson's complaint. Because we have determined for the reasons detailed above, that Counts 3 and 4 of Mr. Gibson's complaint do not survive screening, Defendants' motion to dismiss as to those counts is DENIED AS MOOT.

Count 1 of Mr. Gibson's complaint alleges a claim of excessive force against Officer Carrington, presumably under Indiana law, given that Count 2 alleges a Fourth Amendment excessive force claim. Defendants seek dismissal of Count 1 for failure to comply with the notice provisions of the Indiana Tort Claims Act. Under the Indiana Tort Claims Act, "a tort claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and its risk management commission within 180 days after the loss occurs." *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); IND. CODE § 34-13-3-8. This notice

4


requirement also applies when the party sued is an individual employee of the political subdivision. *Id.*

A plaintiff must prove compliance with the Indiana Tort Claims Act notice requirement before trial and a failure to provide the required notice creates an affirmative defense of noncompliance. *Brown v. Alexander*, 876 N.E.2d 376, 383–84 (Ind. Ct. App. 2007). Once a defendant raises an issue of noncompliance, the burden shifts to the plaintiff to prove compliance. *Id.* at 384. Here, Mr. Gibson's complaint includes no allegations to plausibly suggest that he has complied with the requirements of the Indiana Tort Claims Act and he has not come forth with any evidence of compliance in response to Defendants' motion to dismiss. Because Mr. Gibson has failed to comply with the notice requirements of the Indiana Tort Claims Act, he is therefore barred from pursuing a state law excessive force claim. Accordingly, Defendants' motion to dismiss Count 1 of Mr. Gibson's complaint is <u>GRANTED</u>.

## Conclusion

This action will thus proceed only as to Count 2 of Plaintiff's complaint, which alleges a Fourth Amendment excessive force claim. Counts 3 and 4 of Plaintiff's complaint are dismissed without prejudice pursuant to 28 U.S.C. § 1915A. Defendants' Partial Motion to Dismiss is <u>GRANTED IN PART</u> as to Count 1 of Plaintiff's complaint and is otherwise <u>DENIED AS MOOT</u>.

IT IS SO ORDERED.

Date: _____4/28/2021_____



SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVY GIBSON
100 West Washington Street
Muncie, IN 47305

Tia J. Combs
FREEMAN MATHIS & GARY, LLP
tcombs@fmglaw.com

Casey C. Stansbury
FREEMAN MATHIS & GARY, LLP
cstansbury@fmglaw.com

Caitlin McQueen Tubbesing
FREEMAN MATHIS & GARY, LLP
ctubbesing@fmglaw.com